Herbert A. Jones, as Administrator, etc., Appellant, v. Allen J. Millard and Another, Individually, etc., Respondents.— Motion to open default as matter of favor granted, upon condition that the appellant, on or before the 18th day of April, 1914, procure the printed record on appeal, to be signed and filed as required by rule 41 of the General Rules of Practice, and pay to respondents' attorney ten dollars costs of this motion, and the ten dollars costs directed to be paid by the order of dismissal entered January 23, 1914, and the ten dollars directed to be paid by the order entered herein the 11th day of March, 1914, and within the same time file and serve his printed brief on appeal as required by rule IX of this court;* and in case the appellant fail to fulfill any of these conditions the motion is denied, with ten dollars costs.

The People of the State of New York, Respondent, v. Edwin H. Risley, Appellant.— Judgment of conviction and order affirmed. All concurred; Merrell, J., not sitting.

Fred W. Fassett, Plaintiff, v. National Aluminum Works, Defendant.— Plaintiff's exceptions overruled, motion for a new trial denied, with costs, and judgment directed for the defendant upon the nonsuit, with costs. All concurred.

Thomas Malone, Respondent, v. Catholic Relief and Beneficiary Association, Appellant.— Judgment and order reversed and new trial granted, with costs to appellant to abide event. Held, that reversible error was committed by the trial court in refusing to permit the witness Dr. Hurley to testify to the number and dates of the professional visits which he paid to Mrs. Malone while she was in Mercy Hospital and during her last illness, and to permit the witness Theel to testify as to the times and places where she attended upon Mrs. Malone as a nurse, and in ruling that the witness Theel was precluded by section 834 of the Code of Civil Procedure from testifying to admissions and statements made to her, or in her hearing, by Mrs. Malone with reference to the circumstances under which Mrs. Malone applied for insurance in the defendant company, and in reference to any fraud or deception on her part in securing said insurance. We do not pass upon the question as to whether Mrs. Malone's declarations are otherwise competent against plaintiff, as the point was not raised. All concurred.

F. N. Sinks, Respondent, v. International Automobile League, Appellant.— Judgment and order reversed, with costs, the directed verdict set aside and defendant's motion for dismissal of the plaintiff's complaint granted, with costs. Held, that the defendant being, as to the State of Ohio, a foreign corporation, service of process on Rumstay did not give the court of that State in which the judgment sued upon in this action was recovered, jurisdiction of the defendant, it having been proved in this action that he was not a managing agent of defendant, within the meaning of that term as used in the statutes of that State, prescribing the method of service of process on foreign corporations,† and service of such process, upon him was not a service upon defendant. All concurred.

---

* App. Div. Rules, 4th Dept. rule 9.— [REP.
† See General Code of Ohio, § 11290.— [REP.